STATE OF NEBRASKA, EX REL. MAYOR OF DAVID CITY, v. ADELBERT PALMER.

1. **Cities of Second Class:** ACT OF 1879. David City, now containing less than one thousand inhabitants, is duly organized under the act of March 1, 1871, relative to cities of the second class. *Held,* That its present organization will continue in force until the election of village officers, to be held on the first Tuesday in April, 1880, as provided in the act " to provide for the organization, government, and powers of cities and villages," approved March 1, 1879. [Laws, 1879, 193.]

2. **Mandamus.** A mandamus can only be resorted to for the purpose of compelling action, and not as a mode of determining the right of a party to an office.

ORIGINAL application for a mandamus to compel the respondent to proceed as city marshal of David city in the execution of certain official duties required of him by law.

*E. R. Dean,* for relator.

*Norval Brothers,* for respondent.

MAXWELL, CH. J.

The first question presented by the record in this case is the legality of the organization of David City as a city of the second class. It is admitted that the city does not contain to exceed one thousand inhabitants, and that it was organized as a city of the second class prior to the year 1879. Section one of " an act to incorporate cities of the second class and to define their powers," approved March 1, 1871, provided that " all cities and towns of the state of Nebraska, containing more than *five hundred* and less than fifteen thousand inhabitants, shall be cities of the second class." [Gen. Stat., 137]. Section one of an act " to provide for the organization, government, and powers of cities and villages," approved March 1, 1879, which took effect September 1, 1879, provides that " all cities, towns, and villages containing more than *fifteen hundred* and less than fifteen thousand inhabitants shall be cities of the second class, and be governed by the provisions of this chapter," etc., and repeals the act of 1871. [Laws 1879, 193.]

It is claimed by the defendant that as the act of 1879 requires at least fifteen hundred inhabitants to organize under its provisions, it therefore by implication dissolves the organization of all cities of the second class heretofore organized containing less than

that number of inhabitants. It is a settled rule of construction that an intent to change an existing law should clearly appear. *Lee v. Foreman,* 3 Metc., Ky., 114. And this applies as well whether the existing law is statutory or the law promulgated by judicial decisions.

As a corollary of this general rule statutes should not be construed so as to interfere with rights previously granted by the legislature, unless the intent to do so is clear. *McAfee v. Southern R. R.,* 36 Miss., 669. Sedgwick on Const. and Stat. Law, 224. But political power conferred by the legislature can never become a vested right as against the government. Such power is a public trust, to be executed, not for the benefit alone or at the will of the trustee, but for the common good. How long it shall exist, or in what manner it shall be modified, depends alone on the legislative will. *The People v. Morris,* 13 Wend., 325. *Girard v. Philadelphia,* 7 Wall., 1. Dillon on Mun. Corp., sec. 51.

Section 40 of the "act to provide for the organization, government, and powers of cities and villages," approved March 1, 1879, provides that "any town or village containing not less than two hundred nor more than fifteen hundred inhabitants, now incorporated as a city, town, or village under the laws of this state, or that shall hereafter become organized pursuant to the provisions of this chapter, and any city of the second class which shall have adopted village government, as provided by law, shall be a village, and shall have the rights, powers, and immunities hereinafter granted, and none other, and shall be governed by the provisions of this subdivision. *Provided,* That cities of the second class heretofore incorporated and containing not more than fifteen hundred inhabitants, shall continue to be and exercise the powers of cities

of the second class, and the officers thereof shall continue to exercise the powers conferred herein upon the officers of such cities, until the first general election held therein, and the qualification of village officers elected at said election."

Section 60 provides " that on the first Tuesday of April of each year an election shall be held in each city and village governed by this chapter, for officers as in this chapter provided, all of which officers (except councilmen), shall be elected and hold their respective offices for the term of one year, and until their successors are elected and qualified."

The general election referred to in section 40 is that provided for in section 60 for the election of city or village officers. The organization of David City as a city of the second class will continue in force until the first Tuesday in April, at which time there must be an election for village officers, as provided in section 60 of the act above referred to. The city authorities therefore had power to enforce its ordinances. It is urged that as the title of the act provides for the organization, government, and powers of cities and villages, it therefore contains more than one subject, and is therefore void under the provisions of the constitution. It will be observed that the subject of the act is the organization of municipal corporations. The number of the inhabitants determines the form of government of the municipality, and the fact that one form is designated " city " and the other " village " does not necessarily render the act obnoxious to any provision of the constitution; neither does the word "government" in the title add an additional subject, as the power to provide the necessary government for such corporations is included in the word " organization." The title of the act, perhaps, is not the best that could have been selected, but the act for that reason will

not be declared void. *The People v. McCallum*, 1 Neb., 194. It is alleged in the petition that the defendant refuses to perform certain official duties, the allegation being that " he has no legal excuse for not doing so, but claiming that the laws of 1879 abolished the office of" (city marshal), etc. In *Anderson v. Colson*, 1 Neb., 172, it was held in substance that where there is a dispute as to the title of an office, a mandamus will not be allowed. The reason is, a mandamus is issued only for the purpose of compelling action, and not for the purpose of determining the title to an office. But even if a mandamus would be issued in such case, there is no allegation in the petition that the duties required of the defendant have not been performed by others.

The writ must therefore be denied.

WRIT DENIED.