# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF ILLINOIS.

JOHN A. BRUNER

*v.*

MADISON COUNTY.

*Filed at Mt. Vernon September 27, 1884.*

1. OFFICERS—*compensation for official services—depends entirely upon the statute.* Compensation for official services rendered in behalf of the State or for any public corporation, must rest alone upon statutory enactment or contract. Unless the statute has made provision for the payment for services required of an officer and performed by him, he can recover no remuneration for the same.

2. PAUPERS—*two systems, county and township support.* Under the laws now in force in this State, two distinct systems are provided for the support of the poor,—one by the county at large, and the other by the several towns composing the county.

3. SAME—*difference in the systems.* The first imposes all the cost and expense attending the care and support of paupers upon the county, while the other places the entire charge and burden upon the several towns. In the first the overseer of the poor is required to report his acts to the county board, and act subject to such restrictions and regulations as that board may prescribe. In the second he reports to the town auditors, and he is subject to the restrictions and regulations of his town. Under the first named system he is not entitled, as a matter of right, to any compensation for his services, while under the other he is entitled to pay.

4.   OVERSEER OF THE POOR—*compensation.*  By section 36, chapter 53, entitled "Fees and Salaries," the overseer of the poor (who is also supervisor of his town) is entitled to receive two dollars per day when attending to *town* business out of town, and one dollar for town business in his town, to be paid from the town treasury when the service is for the town.   When the town is wholly responsible for the care and support of its paupers, his services in looking after and providing their support are performed for the town, and are town business, and he is entitled to the pay named; but when the county is chargeable with pauper support, he is not rendering service for his' town, but for the county, for which the law has provided no compensation.

5.   SUPERVISOR—*is a county as well as a town officer.*  A supervisor, though elected as a town officer, is also made by law a county officer, as a member of the county board, which is invested with power to "manage the county funds and *county* business, except as is otherwise specifically provided."

6.   SAME—*compensation as a county officer.*  By section 39 of the act relating to fees and salaries, the supervisor, as a member of the board of supervisors, is entitled to receive two dollars and fifty cents per day "for the time actually and necessarily engaged in the discharge of his duties as a member of such board," to be paid out of the county treasury, and mileage (five cents each way) for necessary travel, "and no other allowance or emolument whatever."  This *per diem* allowance is not restricted to the time actually engaged in attendance upon the sessions of the board, but may embrace time engaged as a member of a committee, or in the discharge of any other duty he owes his county as a member of the board entrusted with the management of its financial affairs.   But in looking after the poor he acts as a supervisor, and not as a member of the county board.

7.   JUDICIAL NOTICE—*of township system in a county.*  This court will take judicial notice of the fact that a county is acting under the Township Organization law.

APPEAL from the Appellate Court for the Fourth District ;— heard in that court on writ of error to the Circuit Court of Madison county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

This was an action of assumpsit, brought by John A. Bruner, in the Madison circuit court, May 29, 1883, against the county of Madison.   The declaration, after the caption, is substantially as follows :

"John A. Bruner complains, etc., for that whereas, on, etc., at, etc., the defendant was indebted to the plaintiff in the

sum of $500, for labor and services of the plaintiff, by him before that time bestowed in and about the business of the defendant, at its request. And the plaintiff avers that he was supervisor of Alton township, duly elected and qualified according to law, and it was his duty by law to take care of the paupers in and for said township; and plaintiff avers that in the discharge of such duty he performed the services aforesaid, by means whereof the defendant became indebted for such labor and service. The plaintiff avers that it is the duty of said defendant, by law, to take the care and custody of said paupers, and the plaintiff avers that a tax is levied and collected by law to provide for the care, custody and support of said paupers, and that said pauper fund, so raised by law, is paid into the county treasury of Madison county, and is under the control and authority of the said defendant; and the plaintiff avers that no tax is levied or collected by Alton township for the support of its paupers, or to pay any salary to supervisor for the care and custody of such paupers. And the said defendant, being so indebted, in consideration thereof, then and there promised said plaintiff to pay said sum of money on request," etc.

To this declaration the defendant interposed a general demurrer, which the court overruled, and the defendant abiding by its demurrer, the court assessed the plaintiff's damages at $510, and rendered judgment for that sum. On writ of error, the Appellate Court for the Fourth District reversed the judgment of the circuit court without remanding the cause, and gave final judgment against the plaintiff. The Appellate Court certified, under the statute, that the case involves a question of law of such importance, on account of collateral interests, as that it should be passed upon by the Supreme Court, and that "said question is, whether the declaration filed by the plaintiff disclosed a sufficient cause of action," and that the Appellate Court was of opinion that no sufficient cause of action was disclosed,—and thereupon

the plaintiff brings the case to this court by appeal, and assigns for error the ruling of the Appellate Court in reversing the judgment of the circuit court and refusing to remand the cause.

Mr. A. W. HOPE, for the appellant:

Section 14, chapter 107, of the Revised Statutes, entitled "Paupers," makes counties, except those in which the poor are supported by the towns, liable for the support of the poor; and section 18 provides that "in counties under township organization, the supervisors of the respective towns shall be *ex officio* overseers of the poor of their towns." Section 25 provides, that in all counties in which the poor are not supported by the towns, the overseers of the poor of such towns shall, at each regular session of the county board, etc., make a full report of all their actings and doings, etc. And by section 26 it is provided: "Upon such report being made, it shall be the duty of the county board to make the proper appropriations from the county treasury for the payment of the necessary expenses for the relief and support of the poor."

What expenses are meant, of such relief and support of the poor? Who affords relief? The supervisor,—*ex officio* overseer of the poor. Who must pay for such relief? The county board must make an appropriation from the county treasury. By section 28 of the same chapter the county board is authorized to levy and collect a tax for the support of the poor.

The supervisor is the agent of the county, and under the control of the county board, and his time and services in providing the relief or support of the poor are a part of the expense for which the board is bound to make an appropriation to pay. The care and support of the poor in Madison county is a county and not a town burden, which is admitted by the demurrer.

Mr. J. H. YAGER, for the appellee:

Section 39, chapter 53, of the Revised Statutes, entitled "Fees and Salaries," provides that a member of the board of supervisors shall receive two dollars and fifty cents per day for the time actually and necessarily engaged in the discharge of his duties as a member of such board, and mileage,—no other compensation whatever.

The first clause of section 130, of article 4, chapter 139, entitled "Township Organization," provides that "the town clerk and supervisor shall receive for their services two dollars and fifty cents per day when attending to town business out of town," and one dollar and fifty cents for town business in their town.   See, also, section 36 of act relating to fees and salaries.

Section 125, chapter 139, is as follows:   "The following shall be deemed town charges:  1.  The compensation of town officers for services rendered their respective towns," etc.   The services sued for properly come within the scope of this clause.

The supervisor, in his character of overseer of the poor, is never a county but always a town officer, and if entitled to compensation, must look to his town.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

By section 1 of "An act to restore uniformity in the taxation of real and personal property, for all purposes, in the several counties and cities in this State," passed in 1872, it was provided that all laws requiring any city to support and provide for its paupers, or assume liabilities or perform duties required of counties by the general laws of the State, were repealed.   This enactment has been held to apply to incorporated towns as well as cities.   (*Burke* v. *Monroe County*, 77 Ill. 610.)   It is conceded that the support of paupers in Madison county is a county and not a town charge, and this

court will take judicial notice that such county is acting under the Township Organization law.

This record, and the discussion of counsel, involve but two principal questions, viz: First, is the appellant, as supervisor and *ex officio* overseer of the poor, entitled by law to any compensation for services by him rendered in looking after the paupers in his town; and second, if so, is the county liable to him for such services.

It is doubtless true that compensation for official services rendered in behalf of the State, or for any public corporation, must rest upon statutory enactment or contract. Various instances may be referred to, where duties, even new ones, have been imposed upon officers without any provision for remuneration being made. School directors are required to perform services and discharge important duties without any salary or other pay. It must be conceded that unless some provision is made by law for the compensation of overseers of the poor, from the county treasury, this action can not be sustained, and the judgment of the Appellate Court must be affirmed.

Under the laws now in force in this State, two distinct systems for the support of the poor are provided for,—one by the county at large, and the other by the several towns composing the county. The first imposes all the costs and expenses attending the care and support of paupers upon the county, as a county charge or burden, while the other places the entire charge and burden upon the several towns. In the one the supervisor, as overseer of the poor in his town, is required to report his action to the county board, and in the other to the town auditors. In the first he is required to act subject to such restrictions and regulations as may be prescribed by the county board, while under the system of town support he is subject to restrictions and regulations of his town. By section 26 of the Pauper act, the county board, upon the filing of the overseer's report, is required to make

the proper appropriations for the payment of the necessary expenses attendant upon the relief and support of the poor. The time and services of some person in looking after the poor, investigating claims for relief or support, and taking the proper steps to grant aid, would seem to be necessary expenses "of such relief and support," and they are a proper county charge, if the law gives such person any compensation at all. By section 27, the town auditors, on such report to them, are required to audit all accounts, and "order payment of such expenses from the town treasury." Under either system, expenses incurred by the overseer of the poor in removing a pauper or poor family to the poor-house, or returning a pauper to his home, would seem to be a proper charge against the county or town, whichever is liable for the care and support of the poor; and the same may be said in respect to the officer's remuneration for his time and services, if he is entitled to recover any.

The supervisor, though elected as a town officer, is also a county officer, as a member of the county board. (Sec. 22, chap. 34.) By section 25, of chapter 34, the county board is invested with power to "manage the county funds and *county business,* except as otherwise specifically provided." Section 36, of chapter 53, relating to fees and salaries, provides that "the following named *town* officers shall be entitled to compensation at the following rates for each day necessarily devoted by them to the *services of the town* in the duties of their respective offices : The town clerk, supervisor and overseer of the poor shall receive for their services two dollars per day when attending to *town* business out of town; one dollar for *town* business in their town." It is evident that this compensation is to be paid by the town, and if the services of appellant in looking after the poor in his town, and reporting his acts to the county board, were "services of the town," or related to "town business," it would seem clear that he would be entitled to the compensation named in the

statute referred to. If the support of the poor were a charge upon the towns of Madison county, then appellant should be regarded as engaged in "*town business*," and his services as done for his town, and in such case he would be entitled to have audited in his favor, by the board of town auditors, one dollar for each day engaged in the town, and two dollars while engaged in the service of the town beyond its limits. But we have seen that the burden of looking after and supporting paupers in the county of Madison is not a town but a county charge, and his town is not liable to compensate him for services rendered to the county in relation to affairs made by law "county business."

It is suggested that if a supervisor, as overseer of the poor, is entitled to compensation by law in looking after paupers and poor persons in a county in which the system of town support prevails, he should be entitled to the same from the county where it is responsible for the expense of caring for and supporting the poor, and that it can hardly be supposed that the legislature intended to make a distinction in this regard; that if it has provided for compensation from the smaller body for services rendered the same, it would not intentionally provide none for precisely the same services performed for the larger body, and that it is unreasonable to conclude that the legislature has required a supervisor to bestow his time and services in caring for the poor, in a town of many thousand inhabitants, for no remuneration whatever. There is force in these suggestions, but can the courts properly supply defects in legislation? Section 39 of the act relating to fees and salaries, provides that a member of the board of supervisors shall receive two dollars and fifty cents per day "for the time actually and necessarily engaged in the discharge of his duties as a member of such board of supervisors, to be paid on the order of the board out of the county treasury, and mileage (five cents each way) for necessary travel, and no other allowance or emolument whatever."

The language here used does not necessarily, or even by implication, restrict this *per diem* allowance to the time actually engaged in attendance upon the sessions of the board.  It may embrace time engaged as a member of a committee, or in the discharge of any other duty he owes his county as a member of the board · entrusted with the management of its financial affairs.  But in taking charge of the poor of his town he does not perform services as a member of the board, or act·as such.  The law imposes this duty upon him as a supervisor, and not as a member of the county board.  A supervisor in a county under township organization, where the care of the poor is upon the county, while engaged, as an overseer of the poor, in looking after and providing for relief or support of the poor of his town, is not entitled by law to any specific compensation from the county.

Upon a consideration of the whole case we feel compelled to affirm the judgment of the Appellate Court.

*Judgment affirmed.*