THE STATE OF NEBRASKA, EX REL. ISAAC N. GODARD, ·V. NELSON TAYLOR, RESPONDENT.

[FILED MAY 31, 1889.]

1. **Township Organization:** SUPERVISORS. Under our township system of government, a supervisor is a township officer. To constitute a member of the county board of supervisors, is a duty and franchise growing out of, and incident to, his office of township supervisor.

2. ———: ———: RESIGNATION. When such officer resigns, his resignation should be addressed to the township clerk of the proper township.

3. ———: ———: VACANCY. The vacancy caused by such resignation may be filled by appointment: First, by the town board;

second, where the offices of the town board are all vacant, by the township clerk; third, where there be no township clerk, by the county clerk.

4. ———: ———: ———: ELECTION.   When such vacancy has not been filled by appointment, as above, the same may be filled by election at a special town meeting when properly convened.

INFORMATION in the nature of a quo warranto.

*William Leese, Attorney General,* and *R. S. Norval,* for relator.

*Smith & Biggs,* for respondent.

COBB, J.

Information was filed in this court by the attorney general in behalf of the state as well as that of the relator, Isaac N. Godard, by which the court is informed and given to understand, that on the 6th day of November, 1888, the relator was a citizen of the United States, and a resident of " J " township, in Seward county, and then had and now has all the qualifications required by law to hold the office of supervisor of " J " township aforesaid; that at the general election held on the day aforesaid for county and township officers, one William Ahlschwede was duly elected to the office of supervisor in Seward county for the township of " J ; " that he thereupon duly qualified and entered upon the duties of his office and thereby became one of the members of the county board of Seward county and continued in said office until January 5, 1889, when he sent in to the county clerk of said county his resignation in writing; that said resignation was, on the 28th day of January, 1889, received and accepted by said county clerk; that on the said 28th day of January, 1889, the said county clerk notified the county treasurer and county judge of said county, in writing, of the vacancy in the office of supervisor, and in the membership of the county board, and

requested said treasurer and county judge to meet him at his office forthwith for the purpose of making an appointment of some one to fill said vacancy ; that thereupon said county clerk, county treasurer, and county judge, did, on the date last aforesaid, appoint the relator, Isaac N. Godard, as a member of the county board, and supervisor of "J" township, to fill the vacancy caused by the resignation of William Ahlschwede as aforesaid ; that on said last-mentioned date the relator was duly notified by the said county clerk of his said appointment; that on the same day he filed his bond with sureties, which was duly approved, and took and subscribed the oath of office in due form of law, and duly accepted said office; that the county of Seward has been and now is duly organized, and acting under the law and system of township government; that notwithstanding the appointment of the relator to said office, the defendant, Nelson Taylor, a resident of "J" township, on the first day of February, 1887, and from thence continuously hitherto, without any legal warrant, claim, or right, has used and exercised, and continues to use and exercise, and still does unlawfully use and exercise, the office of supervisor of Seward county for "J" township for the unexpired term of William Ahlschwede as aforesaid, in place of the relator, Isaac N. Godard, and claims to be a supervisor and member of the county board of Seward county, and to have, use, and enjoy, all the rights, privileges, and franchises, of said office, to the damage and prejudice of the right of said county and township, and said relator, and against the peace and dignity of the state; with prayer for judgment.

The respondent, Nelson Taylor, filed his answer to the said information, in which he admitted that at the general election held on the sixth day of November, 1888, one William Ahlschwede was duly elected supervisor in and for "J" township in Seward county, and that he thereupon duly qualified for and entered upon the duties of said of-

fice.   He also admitted that the county of Seward now is, and for three years past has been, acting under the law of township organization, and is controlled by supervisors elected by the townships thereof.   He also admitted and alleged that he is a resident of "J" township in said county, and that since the 19th day of February, 1889, he has been and now is using and exercising the office of supervisor of said township, and claims to be a member of the county board; but he denies that he holds said office unlawfully or without legal warrant; and he denies that the relator, Isaac N. Godard, is entitled to said office, or to assume the execution of the duties thereof; with a general denial.

Respondent also alleges that the said William Ahlschwede did on the 18th day of January, 1889, resign his said office of supervisor of township "J" in said Seward county to the town clerk of said township, said resignation being on said day duly accepted by said clerk; that on the said 18th day of January, 1889, a petition in due form signed by a majority of the town board of said township, together with at least twelve freeholders of said township, was filed in the office of said town clerk, asking that said town clerk call a special meeting of the electors of said township, as provided by section 19 of chapter 18 of the Compiled Statutes, and stating in said petition that the object of said meeting was to fill the vacancy caused by the resignation of said William Ahlschwede as aforesaid; that on the 21st day of January, 1889, notices as required by law calling for a special town meeting to be held on the 31st day of January, 1889, at the place where the last annual election was held in said township, were posted in five of the most public places in said township, said notices containing a statement of the object of said meeting; that in pursuance to the call in said notices, on January 31, 1889, the electors of said township met at the place of holding the last annual election, and proceeded to choose a

supervisor to fill the unexpired term in the place of William Ahlschwede, resigned; that the total number of legal voters in said township is, and was at that time, not to exceed 200, and at said special town meeting seventy-seven legal voters of said township were present and voted for supervisor, of which the relator, Isaac N. Godard, received two votes, and the respondent received seventy-five votes; that at all times mentioned in said answer respondent has been a citizen of the state of Nebraska and a resident of "J" township in Seward county, and possessed of all the qualifications requisite for the office of supervisor of said township; that afterwards, on the 4th day of February, 1889, Jacob Teuscher, the town clerk of said township, issued and delivered to respondent a certificate of election to the office of supervisor, as provided by law; that on the 7th day of February, 1889, respondent filed with the county judge of said county his bond in due form as supervisor of said township in the sum of $1,000, with good and sufficient sureties; that on the 19th day of February, 1889, he presented to the board of supervisors then in session his certificate of election aforesaid, and by order of said board his certificate was declared in due form, and he thereupon assumed and entered upon the duties of supervisor of "J" township in Seward county, and *ex officio* a member of the board of supervisors of said county; and that since that time he has continued to hold, exercise, and enjoy, the rights, privileges, and franchises, of said office; and that respondent claims and occupies said office by virtue of the election at said special town meeting as herein set forth, etc.; with prayer for judgment.

Thereupon the relator filed a general demurrer to the answer of the respondent.

A stipulation signed by the respective counsel of the parties, in which each and every of the material facts contained in the relation and answer respectively are admitted to be true, was filed with the papers.

There are two questions presented:

"1. To whom should the resignation of a township supervisor be presented: to the township clerk or to the county clerk?

"2. In what manner should the vacancy caused by such resignation be filled: by an election at a special town meeting held for that purpose, or by appointment by a board composed of the county clerk, county judge, and county treasurer?"

Section 102 of chapter 26, Compiled Statutes, provides that: "Resignations of civil officers may be made as follows: * * * 4. By all county and precinct officers to the county board, and by members of the county board to county clerk. 5. By all township officers to the township clerk, and by the township clerk to the town board." This chapter was passed by the legislature of 1879. The act to provide for township organization, approved February 16, 1877, had been declared unconstitutional by the supreme court. (*State, ex rel. Jones, v. Lancaster County*, 6 Neb. 474.) The subsequent act on that subject was not passed until February 24, 1883, so that at the date of the act now under consideration there was but one kind or organization of county board known to the laws of this state. That was composed of county commissioners, who were elected by the voters of the entire county and were unquestionably county officers. This county board composed of county commissioners existing in every organized county in the state, constituted a sufficient subject for the application and operation of the language used by the legislature, when it spoke of "the county board" or of " members of the county board;" and I do not think the argument admissible that this language also applies to another kind of county board composed of members elected by the several townships of the county whose office was created by a law enacted four years later.

It is equally true that when the law-makers used the lan-

guage, "township officers," "township clerk," and "town board," they spoke of officers and a board then unknown to the laws of the state; and whatever might be said of the application of these provisions to such officers and boards as have been provided for by laws subsequently passed, such application can only be shown by direct language, and not by implication. A rule of construction often invoked here and elsewhere requires us to give some meaning, if possible, to every section, clause, sentence, and word, of a statute. This we can do as to the fourth clause of the section without difficulty; not only can we give it some meaning, but its full, obvious, and natural meaning, without resorting to inference or invoking the provisions of a statute which had been judicially declared no statute, or of one which has long since been brought into existence. But not so as to the fifth clause of the section: unless we construe it to apply to the "township officers," "township clerk," and "town board," provided for by the act of February 24, 1883, we can give it no application or meaning whatever.

An examination of the provisions of the act of February 24, 1883, *supra*, can leave no doubt that the supervisor therein provided for is a township officer in the fullest sense of that language. But I fail to find anything in said statute to justify the view that he is also a county officer; nor is he so designated or classified in any statute to which my attention has been directed. Section 61 of the act above cited, provides that "The board of supervisors shall meet at such times as may be provided by law, and each member thereof shall be allowed, when actually employed, the sum of two dollars per day, and mileage at the rate of five cents per mile for each mile necessarily traveled, and no more, as compensation for his services and expenses in attending the meetings of the board or any other business for the benefit of the county," etc.

In the case of *Bruner v. Madison County*, 111 Ill. 11,

cited by counsel for the relator, a provision of the statute of Illinois similar and probably identical to the above was construed. The court in the opinion say: "The supervisor, though elected as a town officer, is also a county officer, as a member of the county board." The question before that court was, whether a supervisor of the town of Alton, in Madison county, whose duty it was to take care of the paupers of said town, under a system which made no distinction between town and county paupers, was entitled to compensation for such services from the county. The circuit court had held that he was, and gave judgment accordingly. The appellate court reversed the judgment and the supreme court affirmed the judgment of the appellate court, thus denying the proposition that this officer, while lawfully engaged in disbursing the county money in the relief of the county poor, was entitled to pay from the county. Indeed, the court comes to the conclusion that he is not entitled to compensation for such services from any source. The question whether the supervisor plaintiff was a county officer in any sense, was not involved in the case, nor logically involved in the argument either as a major or as a minor proposition, and hence that part of the opinion above quoted is but *obiter dicta*.

While the question under consideration is not entirely free from doubt, I am of the opinion that the resignation of Ahlschwede as supervisor of "J" township was properly addressed to the clerk of said township.

2. Section 103 of the act provides that "Vacancies shall be filled in the following manner: * * * In township offices by the town board; but where the offices of the town board are all vacant, the clerk shall appoint, and if there be no town clerk, the county clerk shall appoint."

Having reached the conclusion that the supervisor, in respect to his election or appointment, is a township officer, and that his resignation should be addressed to the township clerk, by applying the language of the 103d section,

above quoted, it follows that the vacancy caused by such resignation may be filled: 1. By the township board. 2. Where the offices of the town board are all vacant, by the township clerk. 3. Where the offices of the town board are all vacant, and there be no town clerk, by the county clerk. There is no provision for the filling of a vacancy in any township office by a board consisting of the county clerk, county judge, and county treasurer.

But the above is not the only manner provided by law for filling vacancies in township offices. Section 19, art. 4, of the act approved February 24, 1883, now constituting chapter 18 of the Compiled Statutes, provides for the calling and holding of special town meetings under the circumstances and upon the conditions therein set out, and sec. 20 provides as follows: "The electors at special town meetings, when properly convened, shall have power to fill vacancies in any of the town offices when the same shall not already have been filled by appointment," etc. I agree with counsel for relator in the brief that if the vacancy in the case at bar had already been filled by appointment, at the time of the holding of the special town meeting at which respondent claims to have been elected, then such election would be invalid under the provisions last above quoted. But it need scarcely be said that a simulated appointment without lawful authority to make it, will not fill a vacancy. Indeed, I do not understand counsel to claim that the office of supervisor of "J" township was directly filled by appointment, but only as a result of the alleged filling of the vacancy in the county board. This theory is obviously faulty. The vacancy in the county board was not created directly, but resulted from the vacancy in the office of township supervisor made by the resignation of Ahlschwede, and could only be filled as the result of filling that vacancy in the manner provided by law. In my view of the case, the vacancy in the office of township supervisor caused by the resignation of Ahlschwede not having been filled by

appointment by competent authority — that is by the town board; or, the offices of the town board being all vacant, by the township clerk; or there being no town clerk, by the county clerk — the vacancy still existed at the time of the holding of the special town meeting, and was lawfully filled by the election of the respondent.

The demurrer is therefore overruled and the writ denied.

WRIT DENIED.

THE other Judges concur.