State, ex rel. Truesdell, v. Plambeck.

36   401,
45   793.

36   401,
46   737'

36   401
49   758
52   832
53   171
55   694
55   703

36   401
62   779

State of Nebraska, ex rel. Arthur Truesdell, v. Claus H. Plambeck, County Judge.

Filed March 16, 1893. No. 5993.

1. **Mandamus:** Title to Office. The title to an office cannot be tried and determined on an application for a writ of *mandamus*.

2. ———: ———: Approval of Official Bond. While *mandamus* is not the appropriate mode of trying the question of strict title to an office, yet, in such a proceeding brought to compel the respondent to approve the official bond, tendered by the relator, sufficient inquiry may be made to ascertain whether or not the relator's certificate of election or appointment is *prima facie* evidence of title to the office.

3. ———: ———: ———: Certificate of Appointment. Dodge county is under township system of government. The territory comprising the city of Fremont constitutes a township in said county by said name, and is entitled to, and has been represented in the county board by two supervisors, chosen by the electors of said city. A vacancy having occurred in the office of one of the supervisors of said city, the relator was appointed by the mayor and city council of said city to fill such vacancy, who took the oath of office, executed a bond in due form, with sufficient sureties, and tendered the same within the time fixed by law to the respondent as county judge for approval. *Held*, That the certificate of appointment of the relator was *prima facie* evidence of his right to the office, and that it was the duty of the respondent to approve said bond and the sureties therein.

Original application for *mandamus.*

*F. Dolezal* and *J. E. Frick*, for relator:

The title to an office is not to be passed upon or adjudicated in *mandamus.* (*State v. Jaynes*, 19 Neb., 164; *People v. Goetting*, 30 N. E. Rep. [N. Y.], 969.) The relator's certificate of appointment, with his official bond, was *prima facie* evidence of his title to the office, and the only question for the county judge was the sufficiency of the bond and sureties. He could not inquire into the validity

29

of relator's title. (Murfree, Official Bonds, sec. 320.) The contention between rival appointees and the validity of their claims is for another tribunal. (*Beck v. Jackson*, 43 Mo., 118.) The duty to approve the bond in this case is ministerial. (Murfree, Official Bonds, sec. 320, *supra; Beck v. Jackson*, 43 Mo., 118, *supra.*)

*C. Hollenbeck, contra:*

The appointment of the relator is void. Where a writ of *mandamus* is applied for it will not be awarded to enforce a mere abstract right unattended by any substantial benefit to the petitioner. (*Gormley v. Day*, 28 N. E. Rep. [Ill.], 693; High, Ex. Rem., p. 33, sec. 33, and cases cited.) When a person claims an office and presents his bond for approval he is required to show a *prima facie* title. (*Cope v. State*, 25 N. E. Rep. [Ind.], 866; *Commonwealth v. Common Council, Philadelphia*, 7 Am. Law Reg., 362.)

NORVAL, J.

This is an original application for a peremptory writ of *mandamus* to require the respondent, as county judge of Dodge county, to approve the bond and sureties therein of relator as supervisor of the city of Fremont in said county. The cause is submitted on a general demurrer interposed by the respondent to the petition.

It appears from the application of the relator that the county of Dodge is a county under township organization; that the city of Fremont is a municipal corporation situated within the territorial limits of said county, and having a population of more than 6,000 and less than 10,000 inhabitants; that said city of Fremont was and is, under the statute of this state, a town in said county by the name of said city, and was entitled under the provisions of section 7, chapter 26, Compiled Statutes, to be represented in the county board by two supervisors to be chosen from, and elected by, the legal voters of said city, as such town;

that at the general election held in November, 1892, W. H. Mead was elected by the electors of said city as one of the two supervisors of the city of Fremont, for the year thence ensuing, to represent said city in said county board; that the said Mead, after having received the notice and certificate of his election as such supervisor, refused to and failed to qualify, and the office thereby became vacant; that on the 21st day of January, 1893, while such vacancy existed, and while no person exercised or claimed the right to perform any of the duties of said office, the relator, a resident and elector of said city, was chosen and appointed by the mayor and council of the city of Fremont as supervisor to fill the vacancy aforesaid caused by the failure of the said Mead to qualify; that thereupon relator duly accepted said appointment, and on the 23d day of January, 1893, duly took and subscribed the oath of office, and executed a bond in due form with sufficient sureties, and on the same day presented the same, with the said oath of office duly indorsed thereon, with his certificate of appointment to said office, to the respondent, as such county judge, for his approval of said bond, and then and there demanded of respondent, as such county judge, the approval of said bond, yet the respondent refused to approve the same, and indorsed thereon his reason therefor, as follows :

"This bond was presented to me for approval this 23d day of January, 1893, and I refused, and refuse to approve this bond and the sureties therein for the reason and upon the ground that the mayor and council of the city of Fremont have no power to appoint or fill the vacancy in the office of supervisor from said city. I hold that such appointment and filling of vacancy are to be done by the county clerk, county treasurer, and county judge. So far as the form and sufficiency of said bond and the sureties therein are concerned I do not question the same, and do not in any degree rest my refusal thereon.

"CLAUS H. PLAMBECK,
"*County Judge.*"

It further appears from the petition that after relator 'had taken and subscribed the oath of office and executed ·with his. sureties his bond as aforesaid, the county judge, ₁together with the county treasurer and the county clerk of Dodge county, on January 23, 1893, appointed one Dominick Gannon to fill the said vacancy in said office, who immediately entered upon the discharge of the duties thereof, and refuses to surrender possession of such office to the. relator. That relator desires to have his said bond approved in order that he may institute proper suit to test the validity of his title to said office.

It will be observed from the foregoing statement of the ·case that two persons make claim to the office of supervisor of the city of Fremont; the relator by virtue of an appointment by the mayor and city council of the said city of Fremont, and the said Dominick Gannon, who is exercising the duties of the said office under an appointment made by the county judge, county clerk, and county treasurer of the county of Dodge. There can be no doubt that the claims of the respective parties to the office in question cannot be adjudicated in this proceeding, since it is well established by frequent decisions of this and other courts that the title to an office cannot be tried and determined on an application for a writ of *mandamus*. The proper remedy to try such question is by *quo warranto*. (See *State v. Palmer*, 10 Neb., 203; *State v. Jaynes*, 19 Id., 164; *People v. Goetting*, 30 N. E. Rep. [N. Y.], 968.)

But the object and purpose of this action is not to induct the relator into an office already filled by another; it is to compel the respondent to approve his official bond, a duty imposed upon him by law, thereby to better enable the relator to test his title to the office in a proper proceeding before a competent tribunal, in which the incumbent of the office could be heard in his own behalf. Although the question of strict title to the office in dispute cannot be determined in a collateral proceeding like this, sufficient

investigation may be made to ascertain whether the certifi-
cate of appointment held by the relator is *prima facie*
evidence of title.    If relator makes claim to the office by
virtue of color of title, he was entitled to have the re-
spondent approve his bond, the sufficiency of the bond
tendered being admitted, since by section 7, chapter 10,
Compiled Statutes, it is made the duty of the county judge
to approve the official bonds of the supervisors of his
county.

Mr. Murfree in his valuable work on Official Bonds, in
discussing the question under consideration, at section 320
says: "That the acceptance and approval by the proper
county officer of an official bond is held in most of the
states to be a ministerial duty, and that in a proper case
its performance may be compelled by *mandamus.* In a
case of this character, the supreme court of Pennsylvania
said: 'Until the title of the relator is avoided it is good
against all.    He is authorized to enter upon the perform-
ance of the duties of the office, and the common council
cannot delay him by declining to approve his sureties, if
sufficient.    A pending contest is nothing to this ques-
tion.    Let a peremptory *mandamus* issue as prayed for.'
In this case, it will be observed, the refusal to act upon
the bond of the officer was based upon the fact that
there was a contested election, the relator being returned
as elected, and his competitor claiming the office.    The
same rule applies, however, in other cases.    The officer is
entitled to have his bond approved if it is sufficient, and
in any case to a decision of the question; the tribunal has
only authority to reject it because in their opinion it is in-
sufficient, and not for any other reason."

The contention of the respondent in this case is that he
is not required to approve the bond tendered by the re-
lator, for the reason that the appointment of Mr. Truesdell
by the mayor and city council of the city of Fremont is
void, for the want of power on the part of sai l city author-

ities to make it. It is further argued by counsel for respondent that the vacancy in the office of supervisor of said city, occasioned by the failure of Mr. Mead to qualify, could be filled only by appointment made by the county judge, county clerk, and county treasurer. This contention is based upon section 103 of chapter 26 of the Compiled Statutes, which declares as follows:

"Sec. 103. Vacancies shall be filled in the following manner: In the office of the reporter of the supreme court, by the supreme court. In all other state and judicial district offices, and in the membership of any board or commission created by the state, where no other method is specially provided, by the governor. In county and precinct offices, by the county board; and in the membership of such board, by the county clerk, treasury, and judge. In township offices, by the town board, but where the offices of the town board are all vacant the clerk shall appoint, and if there be no town clerk, the county clerk shall appoint. In city and village offices, by the mayor and city council or board of trustees."

Section 5, article IV, of chapter 18, Compiled Statutes, provides the manner in which a county under township organization shall be divided into towns and townships. The last clause of the section declares that no city of over "six thousand inhabitants shall be included within the corporate limits of any township, but the territory occupied by such city of over six thousand inhabitants shall constitute a town by the name of such city for the purpose of town meetings and organization as hereinafter provided."

Section 7 of chapter 26, entitled "Elections," provides, among other things, for the election of supervisors in cities and villages having a population of 1,000 or over in counties under township organization.

Section 103, above quoted, and section 102 of the same chapter, were cited and construed by this court in *State v. Taylor*, 26 Neb., 580. The contest in that case was over

the office of supervisor of "J" township in Seward county. A vacancy having occurred in the office of supervisor of said town, the relator Godard was appointed to fill the same by the county clerk, county judge, and county treasurer of Seward county. The respondent Taylor, at a special town meeting held in said township, was chosen supervisor of said town to fill the said vacancy, and thereafter duly qualified as such. The court decided against Godard's title to the office, holding that a supervisor, in respect, to his election and appointment, is a township officer; that the vacancy caused by the resignation of such officer may be filled by appointment by the town board, but where the offices of the town board are all vacant, by the township clerk; and in case the offices of the town board are all vacant, and there is no town clerk, then by the county clerk. It was further held in the same case that there is no authority for filling the vacancy in any township office by the county clerk, county treasurer, and county judge. The writer, as present advised, doubts the soundness of the decision in the case to which reference has just been made, yet, inasmuch as the construction therein placed upon the statute under consideration has been acquiesced in ever since that opinion was handed down, and the rule not having been changed by judicial interpretation or legislative enactment, it must be regarded as the settled law of the state, and is binding upon the courts as a precedent in similar cases.

Counsel for respondent insists that the doctrine in *State v. Taylor, supra,* is not authority on the question now before the court. In that case, as already stated, the relator was appointed by a board consisting of the county clerk, county treasurer, and county judge, while in the case at bar the respondent was appointed by a like board, and the relator herein was chosen by the mayor and city council. The case referred to differs from this in that it was an action to try the title to the office of a supervisor of an ordinary township having a full quota of township officers,

while here the office in controversy is that of supervisor of
a city, a municipal corporation governed and controlled by
city officers. We think it can be fairly argued from the
rule laid down in said case of *State v. Taylor*, and the sec-
tions of the statute mentioned above, that the vacancy in
the office of supervisor of the city of Fremont can be
properly filled by appointment made by the mayor and
council of said city. At least, the appointment of the
relator is *prima facie* evidence of title to the office; hence
it was the duty of the respondent to have approved the
bond of the relator. The statute confers no authority or
power upon an officer whose duty it is to approve official
bonds to pass upon or decide the validity of the claims to
an office under conflicting commissions, nor can such ap-
proving officer refuse to approve the official bond pre-
sented to him by one claiming the office under color of
title, even though the office may at the time be filled or
claimed by another. (*Commonwealth v. Common Council,.
Philadelphia*, 7 Am. Law Reg. [Pa.], 362; *Beck v. Jack-
son*, 43 Mo., 117.)

The case last cited is squarely in point. That was a
proceeding by *mandamus* to require the respondent, as
judge of the tenth judicial circuit of the state of Missouri,.
to approve the bonds of the relator as clerk of the circuit
court and recorder for the county of Cape Girardeau. The
relator, having been appointed and commissioned by the
governor of the state to such office to fill a vacancy oc-
casioned by the death of one Horsten, the previous incum-
bent, presented his bonds to the respondent and requested
the approval thereof, which the latter declined to do, and
indorsed thereon that he refused to approve the same for
the reason that he had appointed one Harrison to said
offices, and already approved his bonds and put him in
possession of the offices. The supreme court granted a per-
emptory writ of *mandamus*. In the opinion the court say :
" The commission issued by the governor was at least

*prima facie* evidence of title to the office, and if the validity or legality should be disputed, that question can only be determined by a proceeding in the nature of a *quo warranto*, in case Harrison refuses to surrender the office."

The conclusion is irresistible that the petition of the relator herein states a cause of action, and that the demurrer thereto must be overruled.

DEMURRER OVERRULED.

THE other judges concur.