JOHN T. CATHERS, APPELLANT, v. AUGUST H. HENNINGS, CITY TREASURER, APPELLEE.

FILED APRIL 5, 1906.  No. 14,576.

1. **Statute: TITLE.** It is competent to embrace in one act every detail of legislation connected with, or having direct reference to, the subject expressed in the title.

2. **Cities: INCORPORATION.** In an act incorporating a certain class of cities, and prescribing and regulating their duties, powers and government, it is competent to enact that the treasurer of the county in which the only city of that class is situated shall be *ex officio* treasurer of the city.

APPEAL from the district court for Douglas county: WILLIS G. SEARS, JUDGE. *Affirmed.*

*Frank T. Ransom,* for appellant.

*John P. Breen* and *W. H. Herdman, contra.*

AMES, C.

In 1905 the legislature enacted for the government of the city of Omaha a new law (laws 1905, ch. 14) entitled "An act incorporating metropolitan cities and defining, prescribing and regulating their duties, powers and government and to repeal" all prior statutes on the subject. The act purports to be and, if valid, is comprehensive and complete in itself, providing a complete scheme of government for the one city in the state which answers to the description of municipalities to which it professes to apply. From this scheme the offices of tax commissioner and of locally elective city treasurer, which had existed under a former law, are omitted, and in lieu of the latter it is enacted, in effect, that the treasurer of Douglas county in office when the act shall go into force, and his successors in office, from time to time to be elected and qualified, shall be *ex officio* treasurer of the city also. The act destroys the tenure of the present city treasurer, and directs him to turn the moneys and effects of his office over to the county treasurer to be administered by the latter as the statute provides. This action is by the appellant, who describes himself as a resident and taxpayer of the city, and is brought on behalf, not of himself only, but of all other persons similarly situated and interested, for the purpose of obtaining an injunction perpetually to restrain the city treasurer from obeying the requirements of the act. A general demurrer to the petition was sustained by the district court and the action dismissed.

The sole object of the action is to assail the constitutionality of the new charter. It is first contended that the

title is not broad enough to cover all the subjects of legislation contained in the act, but this objection surely cannot be upheld. The title is more, rather than less, comprehensive than that which was upheld in *State v. Palmer,* 10 Neb. 203, and which has served as a model for titles of acts providing for the incorporation and government of municipalities in this state for more than 25 years. It is analogous to a title to "provide a system of revenue" or to "provide a criminal code." It has never been seriously doubted, so far as we know, that such a title is broad enough to embrace every detail of legislation connected with or having direct reference to the object therein expressed as the subject of the act.

It is next objected that the act, in so far as it has reference to the office of city treasurer, is in conflict with that clause of section 10, art. V of the constitution, which forbids the appointment or election of any public officer by the legislature, and it is said that the designation, by the act, of the county treasurer as *ex officio* city treasurer is practically an appointment to the latter office by the legislature. This argument appears to us to be far-fetched. It is rather a designation of the territorial qualifications of electors who shall be entitled to choose a city treasurer for Omaha. Similar statutes have been in force in this state from the beginning, as, for example, the school law, which provides that city and village treasurers shall be *ex officio* treasurers of school districts composed in whole or in part of the same or conterminous territory as the city or village in which they are situated. If this objection is valid, it applies with at least equal force to that provision of this and the last preceding charter of the city of Omaha providing for the appointment by the governor of a board of fire and police commissioners for the city, which might, perhaps, be contended by counsel to be also a subject not embraced within the title to the act.

It is further contended that the act attempts to confer new powers and duties upon a county officer in violation of the principle announced in *Haverly v. State,* 63 Neb.

83. The objection applies with at least equal force to the clause just mentioned, with reference to the appointment of a fire and police board. But, in reality, the principle of the decision cited is not involved in this controversy. In that case it was attempted, in an act passed and purporting to be for the creation and government of municipalities, to regulate the powers and prescribe the duties of a county officer with respect to his functions as such—to say in what districts certain assessors should be chosen for the assessment of property for county taxation. In the present instance nothing of the kind is undertaken, but, the county treasurer having had conferred upon him the office of city treasurer also, the act merely prescribes and regulates his powers and duties in the latter capacity and with reference to the affairs of the city entrusted to his charge. It is urged, too, that, as the school law enacts that the city treasurer shall be *ex officio* treasurer of the school district, the charter by vacating the office of city treasurer deprives the school district of a treasurer also, but, as we have attempted to show, the city office is not vacated, the only change effected being in the manner of filling it.

A great number of instances are pointed out in which it is claimed that doubts and inconveniences will arise with respect to the extent and validity of the powers and duties of various city and school district officers and the time and manner of their exercise under the new charter, and the sufficiency of the adaptation of means and procedure to the change in organization caused by the substitution of the new treasurer for the old and by the abolition of the office of tax commissioner, but it will be soon enough to discuss these questions when they are brought to the attention of the court by some one having a direct interest in them, and in a suit in which they shall be properly in issue, so that a decision of them will have the force of a judicial adjudication, which we are of opinion cannot be done in a suit by one who is merely an unofficial resident and taxpayer. It is indeed urged, and the district court

was convinced, so. it is said, that the plaintiff has not sufficient interest to maintain the present suit, but we have thought it prudent for the public interest to express an opinion on the main issues, leaving that question undiscussed and only inferentially decided. We are satisfied that the act is not void, and that the change it makes in the manner of choosing a city treasurer is not in violation of the constitution, and recommend that the judgment of the district court be affirmed.

OLDHAM and EPPERSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.