JOHN W. EWING v. DANIEL B. AINGER AND CHARLES
E. BAXTER.

[See 96 Mich. 587.]

*Board of supervisors—Compensation of members.*

1. How. Stat. § 502, instead of prohibiting a supervisor from
   receiving pay as a member of a committee while the board
   of supervisors is in session, fixes the amount of compensation
   for committee work while the board is actually in session, and
   prohibits the taking of compensation for such work while the
   board is *not* in session.

2. The fact that in many of the counties the boards of supervisors
   have construed this statute as permitting the appointment of
   committees to act outside of the sessions of the board, and the
   allowance of compensation for services thus rendered, cannot
   affect the question of its true construction, as announced in
   *Ewing v. Ainger,* 96 Mich. 587, which is affirmed.

Motion by plaintiff for rehearing of case reported in
96 Mich. 587. Submitted September 30, 1893. Denied
November 10, 1893.

*James M. Powers* and *A. A. Ellis,* Attorney General,
for the motion.

*Huggett & Smith, contra.*

PER CURIAM. A motion for a rehearing is made in this
case. The main points to which the attention of the Court
is now called were discussed upon the former hearing, and
what is now said of them is but a reiteration of the argu-
ments then made. It was contended by counsel for plaintiff
on the argument here that the statute prohibits committees
appointed by the board of supervisors from receiving com-
pensation only during the session of the board, and that
services rendered by a member while on a committee may

be charged for and paid, if such services are rendered while the board is not in session. All that was said in the former opinion in reference to this claim was:

" It is evident from the reading of the statute that the Legislature intended to fix and establish the maximum amount that the members of the board of supervisors could receive for services rendered to the county, and not to leave it to the board to extend it beyond the limit fixed by this statute."

We thought at the time this opinion was rendered that the construction of the statute was too plain to need extended argument. Since the time of handing down the opinion, the Attorney General, it seems, has made inquiry of many of the county clerks as to the custom of the boards of supervisors acting under this statute in appointing committees to act outside of the sessions of the board, and the compensation allowed therefor. The Attorney General also presents a brief upon the motion for rehearing, claiming a construction of the statute as interpreted by the several boards of supervisors.

We see no reason to change our views as we then interpreted the statute. We think now, as then, that it was the intent of the Legislature to fix the maximum amount which supervisors could draw from the counties for their services. The statute (section 502) provides:

" Each member of such board of supervisors shall be allowed a compensation of three dollars per day for his services and expenses in attending the meetings of said board, and six cents a mile for each mile necessarily traveled in going to and returning from the place of such meeting, to be audited by the board and paid by the county; which compensation of three dollars per day shall extend to and be allowed for the first twelve days only of any continuous regular session, and six days only for an adjourned session of said board, and for the first three days only of any special session of said board, of which special session there shall be no more than two in any one official year; which said amount shall be in full for all services rendered

and expenses in attending the meetings of such board of supervisors, and for all services and expenses incurred while acting upon any committee of said board of supervisors during the session of said board; and any supervisor receiving further or other compensation for such services shall be guilty of a misdemeanor, and on conviction thereof shall be punished by a fine of not less than one hundred dollars nor more than five hundred dollars," etc.

We think, instead of the statute's being construed as prohibiting any supervisor from taking pay as a member of a committee while the board is in session, it was intended to fix the amount of compensation for committee work while the board is actually in session, and to prohibit the taking of compensation by supervisors for committee work while the board is not in session. The statute provides a compensation of three dollars per day for services and expenses in attending meetings of the board, and six cents a mile for each mile traveled in going to and returning from the place of meeting. It also limits the time to twelve days for any regular session, and six days for an adjourned session, and three days for any special session; and this, at three dollars per day, to be in full for all services and expenses in attending meetings of the board, and all services and expenses while acting upon any committee of the board during its session. But for the words "during the session of said board," it is evident that supervisors who were absent from the board upon committee work, during the session of the board, could not be compensated, and the words "during the session of said board" provide for such compensation, but cannot be said to authorize the payment for committee work while the board is not in session, as claimed by the Attorney General.

It is said that members of the boards of supervisors are called upon to do much extra work while the board is not in session, such as acting upon building committees, etc. This may be true, and, if payment should be made for

such services, the Legislature may provide therefor; but it has not done so by this statute. The fact that the several boards of supervisors have put a different construction upon the statute, does not affect the question of its true construction. We are satisfied that the interpretation we gave it in the former opinion is correct, and a rehearing must be denied.

HOOKER, C. J., took no part in the decision.