(63 N. W. Rep. 895.)

---

## STATE *ex rel* VAN HORN *vs.* FRANK A. BRIGGS.

Opinion filed May 20th, 1895.

**Trustees of Penitentiary—Compensation.**

> Section 4, Ch. 93, Laws 1889, construed. *Held*, that a member of the board of trustees of the penitentiary of North Dakota is entitled to receive a per diem of three dollars per day for each day actually spent in "attendance" upon the sessions of the board, including the time necessarily and actually spent in travel-ing by the usual and direct route from the place of his residence to and from the place where the session of the board is held.

Appeal from District Court, Burleigh County; *Winchester*, J.

Application by the State of North Dakota, on the relation of Arthur Van Horn, against Frank A. Briggs, auditor of the state. Writ granted, and defendant appeals.

Affirmed.

*John F. Cowan, Atty. Gen'l.*, for appellant.

*N. F. Boucher* and *F. H. Register*, for respondent.

WALLIN, C. J. The relator by this proceeding is seeking to compel the defendant, as auditor of the state, to issue a warrant upon the state treasurer in payment of a claim originally filed by the relator with the defendant's predecessor in office, one A. W. Porter, who disallowed the claim. The defendant having like-wise disallowed the claim, mandamus was resorted to in the court below, and resulted in a judgment directing the defendant to draw a warrant on the treasurer as demanded by the relator. The defendant appeals to this court from said judgment. There is no controversy concerning the facts, and, so far as they are

necessary to present the question of law to be decided, they may be condensed as follows: The relator, on the 2d day of March, 1894, and long prior and subsequent thereto, was a trustee and member of the board of trustees of the North Dakota penitentiary, located at Bismarck; and at that time the relator resided at Hillsboro, in the County of Traill, in said state. That on said day a regular session of said board of trustees was held at Bismarck, aforesaid, and the relator, as in duty bound, attended said session, and took part in its proceedings. The relator, in attending said session of the board of trustees, traveled by the most usual and direct route by rail from his said residence, at Hillsboro, to Bismarck, and returned to Hillsboro by the same route. The time necessarily and actually consumed by the relator in traveling to and from said Hillsboro to Bismarck, including one day at Bismarck, during which the board was in actual session, was three day's time. The relator, in due form, presented his claim to said auditor, Porter, and to the defendant, the present auditor, for his per diem for said attendance at the rate of three dollars per day for three day's time, and for the aggregate per diem of nine dollars. That said Porter and said Briggs, as such state auditors, have refused and still refuse to audit and allow said claim for a per diem in full, and no warrant therefor has ever been issued for said claim.

The question arises on this state of facts—and it is the only question discussed by counsel or considered in this court—whether the relator, as such trustee, is entitled to a per diem compensation for each day's time spent by him in and about his attendance at such session, including the neceesary time actually consumed in traveling to and from Bismarck, as well as for the day upon which the board was in actual session at Bismarck. The compensation of trustees of the public institutions of the late territory and of the state is fixed by Ch. 93 of the Laws of 1889, and particularly by section 4 of said chapter, the first sentence of which reads: "The said trustees shall be entitled to receive the sum of three ($3) dollars per day for each day employed in attendance upon said

sessions, and all traveling expenses necessarily incurred therein." The meaning of the statute is not entirely clear, but we are inclined to interpret it liberally, and in such a way as will avoid unjust result. If a narrow and literal meaning is given to the word "attendance," it will follow that no member can receive anything at all for his traveling expenses, because there can be none while a member is in attendance at a session. During a session the member who is present cannot be traveling nor incurring expense in travel. But if the term "attendance" receives a more liberal construction when used in connection with traveling expenses, and is construed to mean the whole period during which the member is traveling to and from his place of residence to the place of the session, as well as while at the place of session, we can see no reason why the same word should not have the same significance when used in connection with the per diem allowed for compensation. The phrase "necessarily incurred therein" refers back to the word "attendance," and throws light upon the sense in which that word is used. A local member of the board who resides at Bismarck receives a per diem for all the time in which he is engaged in the service of the state as a member of the board; and we cannot, in the absence of an express provision requiring it, impute to the legislature a purpose to unjustly discriminate between a local member and one residing at a distance, who is, in equal justice, entitled also to pay for all the time which he devotes to the service of the state as a member of such board. The member residing at a distance from the place of meeting is not engaged in his own private business while traveling to and from the place of meeting, but is then employed in and about the matter of his "attendance" upon a session. The legislative purpose is clearly manifested that the office of trustee shall not be a purely honorary office. The intention to compensate for their services by a per diem is clearly expressed in the statute; and we are unable to see, either in the language employed by the legislature or in reason, why members should not be compensated for all the time necessarily and actually employed in the service of the state as

members of such board. Our views are strengthened by the consideration that no mileage is given to members of the board, which is often done as a compensation for time spent in traveling in the public service, as well as for disbursements therein. Our conclusion is that the judgment awarding the writ was properly entered in the court below, and the same will be therefore affirmed. All the judges concurring.