# MARTIN CHRISTOPHERSON *v.* CHARLES E. STANTON.

### COUNTY SELECTMEN—COMPENSATION—MILEAGE.

1. Section 209, p. 310, 1 Comp. Laws Utah 1888, provides that the probate judge and selectmen shall each receive from their county four dollars per day for each day actually employed in attending business pertaining to the county court, together with mileage at the rate of 20 cents per mile, in going only, from their residence to the county seat, at each session of the court attended by them; but this does not entitle them to mileage while traveling about attending to the business of the court or while discharging the duties as committeemen for said court.

2. In the case of *Bartch* v. *Cutter*, 24 Pac. 526, 6 Utah 413, the territorial court held that "such committee could be allowed four dollars per day, together with mileage." But the question of mileage was not embraced in that case in any manner, and the expression "together with mileage," as used, was mere dictum, and should not have been employed.

(No. 676. Decided March 19, 1896. 44 P. R. 648.)

This was an original petition of Martin Christopherson against Charles E. Stanton, clerk of the county court, for *mandamus*. The purpose of the petition was to compel the said county clerk to pay mileage to the petitioner while engaged in committee work of the county court.

*Brown, Henderson & King*, for petitioner.

One of the modes of interpreting a statute which is complicated, or of dubious construction, is to consider the contemporaneous construction put upon it by those who are charged with its execution. It is matter of public

notoriety and public history in this territory, that from the time the county courts were organized under this statute, it has been the constant practice to allow these claims for mileage to members.    This rule of construction is often of controlling influence and weight in determining the meaning of a statute. Cooley's Con. Lim. 67; *Hahn* v. *U. S.* 107, *U. S.* 406; *People* v. *Drayton,* 55 N. Y. 367; Sutherland on Statutory Construction, Secs. 307 to 312.

Cooley says in the sections above referred to respecting such cotemporaneous construction:    "It has almost the force of a judicial exposition, and unless such legislation and the practice is manifestly in violation of the words used, the greatest weight should be given to it in construing them."

*Charles O. Whittemore,* for defendant.

MINER, J.:

The petitioner alleges, in substance, that he is one of the duly elected and qualified selectmen in and for the county of Salt Lake, and, as such, has rendered services in the discharge of his duties as selectman, under the direction of the county court; that an itemized bill of account for such services was presented in due form, and alowed by the county court, amounting to the sum of $26; that Charles E. Stanton, the clerk of said court, upon request in due form, refused to issue and deliver to the petitioner a warrant for the payment of said claim.    The petitioner therefore prays for a writ of mandate directing said Stanton, as clerk aforesaid, to issue and deliver to the petitioner a warrant upon the treasurer of Salt Lake county for said sum of $26.    The items composing the account for services going to make up the sum of $26 claimed consist of travel in attending weekly sessions of the county court, at the rate of 20 cents per mile, going

only, amounting to $3.60, and travel at 20 cents per mile, going only, to look after work on roads and public buildings and grounds, under the direction of the county court, amounting to the sum of $22.40. To the petition thus filed, the defendant interposed his demurrer, based upon the general grounds that the petition does not state facts sufficient to entitle plaintiff to the relief prayed for. The claim of the plaintiff in this case is based upon the contention that county selectmen are entitled to mileage for the distance necessarily traveled by them in the performance of their duties as members of a special committee of the county court in the examination of roads, etc. The defendant admits the allegations contained in the affidavit of the plaintiff, and, as a reason for refusing to issue the warrant, claims that there is no law permitting a member of the county court, under any circumstances, to be allowed a claim for mileage, except in going from his place of residence to the county seat to attend each session of the county court, for which traveling expenses he is allowed 20 cents per mile, in going only, and $4 per day for each day actually employed in attending to business pertaining to the county court. It is conceded that plaintiff was allowed $4 per day while attending to his duties for which he has charged traveling fees.

Section 184, p. 297, 1 Comp. Laws Utah 1888, provides that regular meetings of the court must be held at the county seat on the first Monday in March, June, September, and December in each year, and oftener if the court deems it necessary. Section 185 provides that special meetings may also be held. Other provisions of the statute give the county court general supervision of the officers and conduct of all business of the county. Section 204, p. 309, 1d., provides that all claims against the county presented by members of the county court for per diem or mileage or other services rendered by them

must be itemized and verified as other claims, and must state that the service has been actually rendered. Section 209, p. 310, Id., provides that the probate judge and selectmen shall each receive from their county four dollars per day for each day actually employed in attending to business pertaining to the county court, together with mileage at the rate of 20 cents per mile, in going only, from their residence to the county seat, at each session of the court attended by them. The duties of the county court are plainly defined by the statute. When these duties are performed by members of the county court, and an itemized and verified claim is presented to the county court therefor, such member is entitled to such compensation as is fixed by statute for such services. The statutes give each selectman $4 per day for each day actually employed in attending to business pertaining to the county court. This plainly fixes the only charge that any selectman can make or be entitled to receive for his services. No provision whatever is made for expenses or traveling fees while attending to the duties pertaining to the county court, except when the selectmen travel to attend a session of the court, and then they are entitled to recover 20 cents per mile, going only, to attend such sessions of the court, and no other compensation or fees are allowed by the statute. The purpose of this statute was not only to fix, but to limit, the compensation of such officers to $4 per day, for each day actually employed in attending to the business pertaining to the county court, together, with mileage, at the rate of 20 cents per mile, going only, from the residence of the member to the county court, to attend each general or special session of the county court. It is made the duty of the member to attend to the business of the court at a fixed compensation per day. A public officer is bound to perform the duties of his office for the compensation fixed by law, and

he has no right to charge or receive any further compensation for his services as such officer. This rule should be rigidly enforced in all departments of the public service. "The statutes of the legislature and the ordinances of our municipal corporations seldom describe with much detail and particularity the duties annexed to public offices; and it requires but little ingenuity to run nice distinctions between what duties may and what may not be considered strictly official, and, if these distinctions are much favored by courts of justice, it may lead to great abuse." *Bartch* v. *Cutler,* 6 Utah 412, 24 Pac. 526. It is doubtless true that the business of the county is such as to require the attendance of the members of the court between the dates of its regular or special sessions; and committees may be appointed to attend to such business, and report at its regular session, and such committee would be entitled to compensation for such services, at the rate of four dollars per day for the time actually and necessarily employed, but without mileage or expenses. It is true that the territorial court in *Bartch* v. *Cutler,* 6 Utah 413, 24 Pac. 526, held that "such committee could be allowed four dollars per day, together with mileage." But the question of mileage was not embraced in that case in any manner, and the expression "together with mileage," as used, was mere dictum, and should not have been employed. If the county court has the power to increase such statutory compensation by allowing traveling fees or expenses while attending to the ordinary duties pertaining to the county court, then it has the power to increase the per diem allowed by statute to any sum within its discretion. Under the rule of construction of statutes, when the legislature made provisions for mileage when traveling to attend sessions of the court, it intended to exclude the allowance of mileage upon any other occasion when

travel would be necessary in attending to business pertaining to the county court.

It is evident from the facts presented in this case that the services charged for by the plaintiff were rendered in good faith, under an honest, though mistaken, belief of his right to recover the same, and no criticism is intended to be passed upon his act in making the charge. We are of the opinion that the plaintiff is entitled to have issued to him by the defendant his warrant upon the treasurer of Salt Lake county for the sum of $3.60, that being the sum plaintiff is legally entitled to for mileage in attending sessions of the county court, and that the defendant properly refused to issue his warrant for the balance of the plaintiff's claim for mileage, at 20 cents per mile, in traveling and looking after roads, bridges, and public building, as a member of the committee of the court, in addition to the sum of $4 per day allowed and received by him for such services. The application for a writ of mandate is allowed as to the claim of $3.60, and denied as to the balance of plaintiff's claim.

ZANE, C. J., concurs. BARTCH, J., did not sit in this case.