J. J. FERGUSON, Appellant, v. POTTAWATTAMIE COUNTY,
Appellee.

**Superior courts:** REPORTER: COMPENSATION. The shorthand reporter
of a superior court is entitled to compensation for all of the time
he is required to attend court, in the same manner as reporters
of the district courts, and his compensation is not restricted to
the time he is actually engaged in taking evidence.

*Appeal from Pottawattamie District Court.*— HON. W. R.
GREEN, Judge.

WEDNESDAY, DECEMBER 14, 1904.

SUIT to recover for services as a shorthand reporter.
There was a judgment for the defendant. The plaintiff
appeals.— *Reversed.*

*Harl & Tinley,* for appellant.

*W. H. Kilpack,* for appellee.

SHERWIN, J.— The plaintiff was the official shorthand
reporter of the superior court of Council Bluffs for the term
of four years, and during that time, and by order of the
judge thereof, he was in actual attendance upon said court
during its sessions 298 full days, and was actually engaged
in writing shorthand 189 days of this time. The county
paid him for the time he was actually engaged in writing
shorthand, but refused to pay him for the rest of the time.
There is no disagreement as to the facts, and the sole ques-
tion for our determination is one of statutory construction.

Section 275 of the Code of 1897 provides that "the
judge of each superior court may appoint a shorthand re-
porter. All provisions relating to shorthand reporters and

their duties in the district court, in so far as applicable in every respect, shall govern, except the compensation shall not exceed five dollars a day for the time actually employed." The trial court construed this section to mean that the reporter thus appointed should receive compensation only for the time actually employed in writing shorthand. Section 181 of the Code of 1873 authorized the district or circuit court to appoint a shorthand reporter for the purpose of recording the oral testimony of witnesses in criminal cases, and in civil cases at the request of either party, " and such other matter as the judge may direct." The compensation of the reporter appointed under this statute was fixed by section 3777 thereof, and was not to exceed $8 per day for " each day actually employed in court in taking testimony." This statute was clear and explicit, and by its terms limited the reporter's compensation to the time actually engaged in taking testimony. The Eighteenth General Assembly amended the statute relating to reporters, and provided in chapter 195, section 1, for the appointment thereof, and in section 2 of said chapter the reporter's compensation was fixed " for all time actually in attendance under the order of the judge." Under the provisions of Code 1897, section 254, the reporter was entitled to $6 per day for each day's attendance upon the district court under the direction of the judge, and his duties were detailed by section 3675 thereof; and it is apparent that the duties prescribed by the latter section required the attendance of the reporter practically all of the time that the court was in session, or at least all of the time that appealable actions were being tried; and consequently the Legislature wisely provided for compensation for each day's attendance, whether actually employed in writing shorthand or not. Had it done otherwise, the business of the courts would have been very materially delayed, and the court expenses correspondingly increased.

By the terms of section 260 of the Code, superior courts

are given concurrent jurisdiction with the district court, in all civil matters, except in probate matters, and in actions for divorce, alimony, and separate maintenance. This may properly be considered in arriving at the intent of the Legislature in providing reporters for said court. Under section 275, shorthand reporters in the superior court are required to be in attendance upon the court, and to perform the same duties that are imposed upon such reporters in the district court. They are appointed by the judge of the superior court, and are clearly and unmistakably under his direction and control, and may be required to attend the sessions of the court whenever the judge shall deem their presence necessary for the reasonable dispatch of business. Were the statute under consideration to be construed as strictly and as narrowly as the appellant claims it should be, the reporter would be compelled to count the hours and fractions thereof during which he was actually engaged in writing shorthand. We do not believe that the word " employed," as used by the Legislature, was intended to restrict the reporter's compensation to the time actually engaged in reporting the testimony or the proceedings. All lawyers, judges, and legislators know that courts must necessarily devote some time to matters other than the trial of cases, and that they cannot always foresee just when a reporter's services may be required; and for this very reason the reporter is placed under the control and direction of the court, and may be required to attend upon the order of the judge. We think the attendance thus required is the employment contemplated by the statute. To hold otherwise would be to declare that a reporter may be required to attend upon the court days, weeks, and months, without compensation. That the Legislature did not intend such a result, or to so discriminate between reporters of the district and superior courts, is very clear to us.

The judgment is therefore *reversed.*