[No. 12880.  In Bank. — February 26, 1889.]

## W. L. HOWES, APPELLANT, *v.* EUGENE S. ABBOTT, RESPONDENT.

COUNTY GOVERNMENT ACT — MILEAGE OF SUPERVISORS. — Supervisors in counties of the thirty-third class are only entitled to one mileage for each session of the board, and cannot charge mileage for daily visits to and from their homes during a particular session.

ID. — OFFICIAL RESIDENCE OF SUPERVISORS. — While engaged in the performance of the duty of attending upon regular and special sessions of the board of supervisors, the official residence of each supervisor is at the county seat.

APPEAL from a judgment of the Superior Court of Tuolumne County refusing a writ of mandate.

The facts are stated in the opinion.

*F. D. & G. W. Nicol,* for Appellant, cited *Sherman* v. *County of Santa Barbara,* 59 Cal. 483; *Wayman* v. *Southard,* 10 Wheat. 30; *Montclair* v. *Ramsdell,* 107 U. S. 152.

*F. P. Otis,* and *E. A. Rodgers,* for Respondent, cited *Ex parte Ellis,* 11 Cal. 224; Sedgwick's Statutory and Constitutional Law, 196, 197; *People* v. *Utica Ins. Co.,* 15 Johns. 358–384; 8 Am. Dec. 243.

BELCHER, C. C. — Application for a writ of mandate. The court below refused to grant the writ, and thereupon this appeal was taken.

The facts are these: The appellant, Howes, was a supervisor, and the respondent, Abbott, was the auditor, of the county of Tuolumne during the year 1887. The board of supervisors of the county held a special session, lasting two days, in June, and a regular session, lasting eight days, in July, of that year. The appellant attended each meeting of the board, and in doing so traveled from his residence to the place of meeting and back, a distance of twelve miles, each day. He claimed as compensation for his attendance five dollars per day, making fifty dol-

lars, and mileage at the rate of ten cents per mile for the aggregate number of miles traveled by him in going to and from the meetings, making twelve dollars. A claim for this compensation was allowed and ordered paid by the board of supervisors, and thereupon he presented a claim to the respondent, and demanded a warrant therefor on the county treasurer. The respondent offered to draw a warrant on the treasurer for the $50, and one mileage for the special and one for the regular session, making in all $52.40, but refused to draw for the balance of the mileage. The appellant declined to accept the sum offered, and thereupon commenced this proceeding to compel respondent to draw his warrant for the full amount claimed by him and allowed by the board.

Upon these facts the court found, as a conclusion of law, that appellant was entitled to receive only one mileage at each session of the board, and for that reason the writ was denied.

Whether the court was right in its conclusion or not must be determined by the statute commonly known as the county government act. (Stats. 1883, p. 299.)

By that act the counties of the state are divided into forty-eight classes, and separate provision is made for the payment of supervisors in each class. The provision for counties of the thirty-third class — in which Tuolumne falls — is as follows: " Supervisors shall receive five dollars per diem, and ten cents per mile in traveling to and from respective residences to the county seat. All of which compensation in the aggregate shall not exceed four hundred dollars per annum each."

The whole compensation claimed by appellant, together with that already received by him during that year, did not amount to four hundred dollars; and it is argued that, as the provision contains no express restriction to one mileage for each session, it should be construed to allow mileage for each day.

We do not think this construction authorized. Stat-

utes should be so construed, if possible, as to express the intention of the legislature. The term "mileage" is defined to mean: "A compensation allowed by law to officers for their trouble and expenses in traveling on public business." (Bouvier's Law Dict.)

The law requires a supervisor to attend all regular and special sessions of the board, and to be present and assist the other members in transacting such business as lawfully comes before them. And while engaged in the performance of these duties, his official residence is at the county seat. In going to a place of meeting at the beginning of a session, and in returning to his home at the end of it, he is evidently "traveling on public business." But if, during a session, he makes daily visits to his home, such visits must be deemed to have been made for his own convenience, comfort, or economy, or to attend to his own private affairs, and not on public business.

Legislators are allowed eight dollars per day during the session of the legislature, "and ten cents per mile for each mile of travel to and from their residences and the place of holding the session." (Pol. Code, sec. 266.) But if a legislator should go to his home every night and back every morning, during a session of the legislature, no one would expect him to claim mileage for each day, or, if he should claim it, that it would be allowed.

In our opinion, the legislature did not intend to allow supervisors, in counties of the thirty-third class, more than one mileage for each session of the board, and the fact that no express provision to that effect is found in the statute cannot aid the appellant. The argument, based upon the fact that the compensation of supervisors in some of the classes is expressly limited to one mileage for each session, is without weight. An inspection of the statute will show that in the forty-eight different provisions for the compensation of supervisors, scarcely any two of them are exactly alike. They appear to be

independent provisions, drawn to meet supposed local wants, and as such we think they should be construed.

We advise, therefore, that the judgment be affirmed.

FOOTE, C., and HAYNE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is affirmed.