[Civ. No. 3670. Third Appellate District.—February 25, 1929.]

ED RICHARDS et al., Respondents, v. JOHN M. SILVERIA, Jr., Appellant.

T. B. Scott for Appellant.

G. B. Hjelm for Respondents.

FINCH, P. J.—The plaintiffs leased to the defendant a tract of land containing about seventy-nine acres for a term of ten years, commencing December 1, 1921. This action was brought April 10, 1925, to recover damages for alleged waste committed by the defendant and for other alleged breaches of the terms of the lease, but the plaintiffs did not claim a forfeiture of the defendant's rights under the lease and he continued in possession of the property. In addition to denials of the alleged breaches of the lease, the defendant filed a cross-complaint for damages on account of alleged breaches of the lease by the plaintiffs. Judgment was entered in favor of the plaintiffs and the defendant has appealed. The particular issues raised by the pleadings and in question here appear from the findings of the trial court substantially as follows:

By the terms of the lease the defendant agreed not to "make or suffer any strip or waste" on the premises. In April, 1922, the defendant plowed up about "twenty acres of bunch grass pasture land," which "constituted desirable pasture lands." Such bunch grass "is of such a nature that if plowed down it dies and . . . cannot be produced from artificial seeding." The land on which it grew is not suitable for other crops and by the destruction of the bunch grass growing thereon the market value thereof was depreciated in the sum of $300.

At the time the defendant went into possession under the lease there was on the land an orchard of one acre in area of fig trees "then approximately two years old, . . . in reasonably healthy condition. . . . During the first year of said term of lease said defendant, without the consent or knowledge of said plaintiffs and contrary to the terms of said lease did wholly destroy and kill said growing fig orchard," and the market value of the land was thereby depreciated in the sum of $350.

The plaintiffs removed "certain apple trees and certain pear trees" from the leased lands, leveled part of the land and for a short time went into possession of about four acres of the land, all with the consent of the defendant.

■ Plaintiff Ed Richards testified that the plaintiffs' acts of which the defendant complains in his cross-complaint were done with the latter's consent. This testimony is sufficient to support the court's findings in that respect and, therefore, the issues presented by the cross-complaint may be dismissed from further consideration.

■ There is ample evidence to justify the finding of the trial court as to the damage caused by the destruction of bunch grass on about twenty acres of the land and that such destruction constituted "strip or waste." The evidence is to the effect that such grass is perennial, that on the land in question having continued for at least fifty years. Witnesses testified that the market value of the land was permanently depreciated to the extent of from $40 to $50 an acre by the destruction of the bunch grass.

■ Appellant contends that the "only evidence as to the number of trees removed was that given by" himself that "I pulled out about eight fig trees." The plaintiff testified that they left California in June, 1922; that when they left the fig trees were practically all alive and in fine condition in every way. Charles Hoagland testified that in March, 1923, "there was probably 40% or 50% that you could see growing; . . . there might have been a percentage there that I did not see, of small stuff that had been started at that time." In view of the testimony of Hoagland and the plaintiffs, the court was not bound to accept the defendant's statement that he removed only about eight fig trees.

■ Hoagland and plaintiff Ed Richards were both shown to be qualified to give their opinions as to the market value of the land with and without the fig trees growing thereon. The latter was the owner of the land and the former testified that "Mr. Richards had some very fine fig trees . . . on that particular place." His testimony shows a general familiarity with fig raising in the county. He testified that "there has not been very many fig orchards sold" in the preceding two years; that he did not know of any sales of fig land during the last four years "in that particular neighborhood," but that he knew of "some that has been sold" in San Joaquin County. At one stage of his testimony he volunteered the statement: "The way I determine the market value of land is by returns or production that an acre of land will give a man by proper farming." Counsel for appellant

thereupon moved to strike out all his testimony "because that is not the proper way to arrive at market value." The court denied the motion, saying that the witness "gave other reasons." While market value is the ultimate test, a very important factor in making up an estimate of the market value of agricultural land is its productivity. It does not appear from the statement of the witness that he left out of consideration other factors which must be considered in determining market value, and such isolated statement is not a sufficient basis of a motion to strike out all the testimony of the witness.

The other contentions of appellant may be disposed of generally. The action for waste was not prematurely brought. (35 C. J. 1223.) Acceptance of rent after breach of the terms of a lease may constitute a waiver of the lessor's right to declare a forfeiture, but not of damages caused by the breach. It cannot be held that the trial court abused its discretion in denying defendant leave to amend his answer during the progress of the trial by pleading the statute of limitations. (16 Cal. Jur. 619.) There was no error in the allowance as costs of mileage paid to witnesses. The trial commenced September 29, 1925. On the next day a continuance was ordered to October 8, 1925, and the court directed the witnesses to appear at that time or at any subsequent time to which the case might be continued. The trial was resumed October 20, 1925. Witnesses were properly allowed mileage for their first attendance and also for their return at the time to which the case was continued. (*United States* v. *Venable Const. Co.*, 158 Fed. 833; see, also, *Howes* v. *Abbott*, 78 Cal. 270 [20 Pac. 572].)

The judgment is affirmed.

Plummer, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 25, 1929.

All the Justices present concurred.