The CANADIAN MINING COMPANY, a corporation, Plaintiff in Error,

v.

Bill CLEVELAND and Marie Cleveland, Defendants in Error.

No. 37530.

Supreme Court of Oklahoma.

May 21, 1957.

Rehearing Denied July 2, 1957.

Kelly Brown, Muskogee, E. O. Clark, Stigler, for plaintiff in error.

Cody Bain, Stigler, for defendants in error.

PER CURIAM.

This action was brought by Bill Cleveland and Marie Cleveland, husband and wife, in the District Court of Haskell County, against the Canadian Mining Company, a corporation, to recover damages. The cause was tried before the court and a ju-

ry and the defendant corporation appeals from a verdict and judgment thereon in plaintiffs' favor. The parties will be referred to as they appeared in the trial court.

In January of 1953 plaintiffs executed a coal mining lease on some 227 acres of land and by assignment thereof defendant became lessee and began mining operations on the property through an independent contractor. Plaintiffs' claim for damages arises from the mining operations known as strip coal mining, which was concluded in November of 1953 after considerable coal had been removed under the lease contract. The right of recovery, as alleged in plaintiffs' petition, is predicated upon the alleged failure of defendant to perform the conditions of the lease in that the mining operations carried on damaged plaintiffs' dwelling located on the leased premises, stated as one cause of action, and destroyed growing crops on the land, stated as a second cause of action.

Whether or not plaintiffs are entitled to recover under the terms of the lease contract is, according to the contentions between the parties, dependent upon the provisions of numerical paragraph No. 7. The pertinent portions of that paragraph are as follows:

"7. It is understood and agreed that the mining operations herein authorized will be carried on by strip and/or deep mining methods, and the surface of the land will necessarily be excavated and dirt, shale and other debris from mining operations will necessarily have to be spread on the lands near such excavations, * * * It is understood and agreed by the parties that the royalties to be paid hereunder shall be accepted by the lessor in full settlement and satisfaction for all damages that may be done to lessor's lands above described in the course of the mining operations herein authorized. * * *

"Further, no dwelling, barn or other building now situated on the lands described and belonging to the lessor

shall be moved or damaged or undermined by the mining operations herein authorized unless and until the lessee shall have first agreed with the lessor upon the amount of damages that ought to be paid for such building or structure or for moving the same, and shall have paid the amount thus agreed upon. The lessor shall be entitled to use for farming operations all parts of the land that are not in use by the lessee for coal mining operations. If the lessee's coal mining operations shall damage a growing crop on the premises the lessee shall pay unto the lessor the actual damage done to the crop, unless the lessee shall have notified the lessor on or before January 1st of such year that its operations would cross such area during such year, in which event no crop damage shall be paid."

The evidence on behalf of plaintiffs in support of their first cause of action tended to prove that dynamite charges used in the mining operations had damaged plaintiffs' dwelling and, although there was a conflict of evidence on this point and as to the amount of damage done, the plaintiffs' evidence was sufficient to support the verdict of the jury as to the fact that the injuries to the dwelling were occasioned by the dynamiting and as to the amount of recovery awarded on this cause of action in the sum of $1,000. While this conclusion disposes of defendant's claim of error as to the first cause of action, under its second proposition that the judgment is excessive there would yet be error if, as defendant argues, under its first proposition that there was no actionable breach of the lease contract under its terms; that recoverable damages occasioned by the mineral operations, if any, would be such as would arise from the improper and "out of the ordinary" action on the part of the defendant in carrying on its operations; and, plaintiffs, by accepting royalties under the lease, waived any breach of the contract.

The evidence offered by plaintiffs in support of their claim for recovery under the

second cause of action for damages to "growing crops" related to a twelve acre tract of meadow land, from which it was alleged a hay crop of Bermuda and Lespedeza was to have been taken.

The evidence on the part of plaintiffs on this cause of action tended to prove that plaintiffs had planted Lespedeza seed on the meadow in 1953, that defendant had not notified them of proposed mining operations over that area prior to January 1st of 1953, and to establish the amount of damages to the extent of the $200 awarded plaintiffs in the verdict.

It would appear then that the evidence under the second cause of action was sufficient to support the verdict for recovery in the amount provided unless, as suggested above, such recovery was not proper by reason of lack of each liability under the provisions of the lease contract, or by waiver.

From our examination of the lease contract as a whole, we find that the rights of the parties are to be determined by the provision of numerical paragraph No. 7, and with more particularity, the portions thereof quoted. Under this section there would be no recovery for damages as such to "lessors' land", the royalties constituting all compensation therefor; if a building should be moved or damaged or undermined by the mining operations it should be compensated for in the "amount of damages that ought to be paid for the building" and in the event of damage to a growing crop actual damage thereto should be paid, unless the lessee should have notified lessor on or before January 1st that the mining operations would cross the area of growing crops that year, in which event no damages should be paid. Thus the lease contract provides for three separate situations in which the question of damages might arise.

Under the situation found to exist in this case we must conclude that such damage as was found by the jury on the first cause of action was clearly lessee's obligation under the lease contract.

■ By plaintiffs' evidence the meadow was seeded in contemplation of a hay crop. We think that an area seeded for the purpose of growing grasses for farm crop purposes is within the meaning of the term "growing crops", as used in the lease contract. It follows that under the evidence recovery was justified under the terms of the lease.

■ We find no merit to defendant's contention of error on the grounds that there were no actionable breaches of the contract under a proper interpretation of the lease provisions, nor that the verdict and judgment on either cause of action was not supported by the evidence. It follows that, unless, as defendant further argues, plaintiffs, by accepting the royalties paid by defendant, thereby waived any breach of the contract, there was no error.

In Richards v. Silveria, 97 Cal.App. 166, 275 P. 478, 480, the California court held that "acceptance of rent after breach of the terms of a lease may constitute a waiver of the lessor's right to declare a forfeiture, but not of damages caused by the breach." This holding is in accord with the prevailing rule of wide acceptation, "that while acceptance of performance after breach may operate as a waiver of the right to treat a contract as terminated by the breach, such acceptance standing alone and without more does not constitute an effective waiver of the right of action for damages caused by the breach". Robberson Steel Co. v. Harrell, 10 Cir., 177 F.2d 12, 16. We think the rules stated should govern in this case. Accordingly, we find no error in the record.

At the request of plaintiff, judgment is here rendered in favor of plaintiff and against United States Fidelity & Guaranty Company, as surety of the defendant, on the supersedeas bond on file herein; such judgment on said bond to be entered and enforced by the trial court as if there rendered.

Affirmed.

The court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner J. W. CRAWFORD, and approved by Commissioners JEAN R. REED and JAMES H. NEASE, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.